THE NATIONAL BANK OF HOPEWELL v. S. T. CARSON.

(Filed 5 October, 1921.)

**Bills and Notes—Due Course.**

> This controversy involved the question of whether the plaintiff was a holder in due course of the note sued on, and no error is found under the doctrine announced in *Bank v. Exum,* 163 N. C., 199, and *Worth Co. v. Feed Co.,* 172 N. C., 342.

APPEAL by defendant from *Devin, J.,* at.May Term, 1921, of PITT.

Action to recover the face value of defendant's promissory note, executed and delivered to the Limestone Products Company, and, by the latter concern, sold and transferred to the plaintiff bank.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the plaintiff acquire the note sued on, in good faith for value, before maturity and without notice of any alleged defect or failure in consideration of said note? Answer: 'Yes.'

"2. What amount, if any, does the defendant owe on said note? Answer: '$1,200 with interest.'"

From a judgment on the verdict in favor of plaintiff, the defendant appealed.

*G. M. T. Fountain & Son and F. G. James & Son for plaintiff.*
*Julius Brown for defendant.*

PER CURIAM. The controversy on trial in the Superior Court narrowed itself principally to the question as to whether the plaintiff was a holder in due course (C. S., 3033) of the note sued on, under the doctrine announced in *Bank v. Exum,* 163 N. C., 199, and *Worth v. Feed Co.,* 172 N. C., 342. This fact having been established in plaintiff's favor by the jury's answer to the first issue, we think the exceptions appearing in the record must be overruled. The case presents no new point, or issue, which would seem to merit an extended discussion.

No error.